**HEIMAN GROCERY CO. v. CROOKS, Collector of Internal Revenue.**

No. 7375.

District Court, W. D. Missouri, W. D.

July 7, 1930.

A. E. Watson and D. C. Ketchum, both of Kansas City, Mo., for plaintiff.

Wm. L. Vandeventer, U. S. Dist. Atty., and Harry L. Thomas, Asst. U. S. Dist. Atty., both of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is an action to recover an additional tax assessed against the plaintiff for the year 1917. The tax in the sum of $7,224.21 was paid by check, dated March 23, 1925, and received by the collector March 28, 1925.

The notice of the additional assessment was given to the plaintiff on November 8, 1923, and the assessment actually made on March 15, 1924.

There is no question about the promptness of the return made by the plaintiff for the tax accruing in 1917, nor is there any question as to the procedure for an abatement of the tax and a demand for a refund after payment. The only question in the case is whether the additional tax was barred by limitation before same was determined and assessed.

Under the Revenue Act of 1917 (40 Stat. 307, § 212), such taxes became barred by limitation within three years from the date of the return. This was extended to five years by the Revenue Act of 1921 (42 Stat. 264, § 250(d). However, within the three-year period plaintiff and defendant agreed upon a waiver of the limitation statute, and this was evidenced by the formal execution of a written waiver dated March 12, 1921. A similar waiver was executed as of April 30, 1921, and again on January 29, 1923, a third waiver was executed.

There was no contention made at the trial but that the parties would have the right to

toll the statute of limitations by such an agreement. However, it is contended that the waiver of January 29, 1923, was not properly executed. This alleged defect arose from the fact that the plaintiff was originally incorporated as Christopher-Thurber Grocery Company. This was the corporate name at the time the tax accrued and the name in which the return was made. Subsequently the corporate name was changed to Heiman Grocery Company. With the change in corporate name, the controlling stockholders disposed of their stock and retired from active participation in the corporate affairs.

In disposing of their stock, such stockholders agreed to discharge any taxes that might have accrued, such as those in the case at bar. The officers of plaintiff, therefore, insisted upon an execution of the last waiver by the former stockholders, since by·their agreement said stockholders would become ultimately liable for any additional tax if determined and assessed.

It appears, therefore, from the evidence that the last waiver was executed at the instance and with the knowledge, consent, and approval of the corporation. This was the only issue of fact in the case, and must be found in favor of the defendant and against the plaintiff. The waivers of the statute were founded upon sufficient consideration. The Commissioner of Internal Revenue acted upon the validity and sufficiency thereof. The plaintiff raised the question of the right of a former stockholder to execute the third waiver on behalf of the corporation for the first time after the tax was paid.

No other questions in the case need be discussed, as this ruling on the matter of waiver would be conclusive upon the plaintiff and would defeat its right of recovery.

Judgment will be for the defendant. It is so ordered.